Frost, J.
dissenting. A quarter’s rent under a lease by specialty was due on the: first of April. The actor, James Fife, took a note for the rent, due the 31st May ; levy under the execution was made the 29th of May. It is well settled that the landlord, under the Stat. of 8 Anne, C. 14, cannot claim payment, from the proceeds of sale under an execution, of any rent which was not due at the time the execution was levied ; Ayres vs. Depras, 2 Sp. 367; O’ Farrell vs. Nance, 2 Hill, 484. The only question in .this case is, was the rent due until the note taken for it became payable? If it was not due, the actor is not entitled to the quarter’s rent out of the proceeds of the sale by the sheriff. In' Judge and -Dennis ads. Fisk and Eager, 2 Sp. 436, three quarters rent was due the 1st May, and the landlord took the notes of the tenant for the amount. The rent accrued on a lease under seal. Before the notes became due, the landlord distrained ; it was held that- before the notes became due, the-landlord had no right to dis-train. That case and this are in every particular parallel. The effect of taking the note, in the judgment of the court is said to import, on the part of the landlord, an “ agreement to accept it in lieu of rent until the security is due; then if not paid, the remedy by distress may be resorted to.” “It unquestionably, operates to suspend the party’s right to sue on the old debt, until a right of action would be given on the new. In the language of some of the cases it is pri-ma facie satisfaction, and this prima facie conclusion must be removed before the party can recover on the old debt.” It is “considered a contract to wait on the higher security until the bill or note is due; and then, if not paid, to resort to it.” “During the currency of the new security, the original remedy is suspended or in abeyance.” “The party is precluded from suing for the original debt, before the bill is due; for the taking of it amounts to an agreement to give credit for the length of time it has to run.” The conclusion of the argument is thus summed up : “ There is, therefore, I think, no difficulty in concluding that the notes accepted by the landlord were an agreement on his part to extend the time of payment J
*230 It cannot with any common respect to the import of words, be contended that this case does not decide that the rent was not due until the notes were payable. A debt is not due when by the agreement of the parties it is not payable or demandable. It is a matter entirely of contract. The time originally stipulated for the forbearance of the cre'ditor to demand payment, ascertains when the debt is due. For good consideration the time may be abridged or extended by a future agreement; but it is never due until the creditor has a right to call on the debtor for payment. If the rent was due before the notes were payable, then the case is authority for this, that a debt may be due, though the creditor cannot “ resort” to it, nor “sue for it,” nor “ recover” it, though the stipulated time has run out, and the creditor’s remedies for the recovery of it are “ suspended or in abeyance.” If these incidents may be affirmed of a debt that is due, how shall a debt not due be distinguished ? Neither can it be argued, that the case only decided that the taking of the notes by the landlord operated as an agreement to suspend the right of distress until there was a default in payment. All that has ever been or can be implied from taking notes for a debt is, that the creditor will give time for payment until the notes are due. Then, until they are payable the debt is not due; and, by necessary consequence, all demand, suit or process, for the recovery of it, is postponed until it'is due. The agreement to suspend the right to distrain, is not the direct and immediate inference from the agreement to take the notes, but the suspension of the distress, and all other process for the recovery of the debt, is the legal effect and consequence of the “ agreement to extend the time of payment;” for no process can issue for the recovery of a debt which is not due. The decision was in terms rested on this ground. It is plain, a special agreement not to levy a distress for rent, can no more be inferred from taking a note for the amount of it, than any other special agreement; as for instance, to release the next year’s rent, or to renew the lease — such a conclusion would not be a legal or just inference from the taking of the notes, but an arbitrary decree.
*231 It follows that it cannot be contended that the case only decides that the rent is not due ,for the purpose of a distress, but is due for all other purposes of recovery. By law, no remedy can be had' for a debt not due; and every remedy, without any exception whatever, may be had and enforced by the creditor where the debt is due. The judgment of the court in this case alone presents the anomaly of a debt not due for the enforcement of payment, by one form of proceeding, and at the same time due so as to be recovered by any other process. In other words, that a debt may at the same time be due and not due. Every case involves some principle of law affecting valuable rights ; either by determining under what circumstances they are valid in law, or the process or evidence by which they may be enforced. Where it affects valuable rights, the decision is a rule of property which should be inviolably observed. To deny the principle.of a former adjudication on which it obviously was supported, and without which it could not be maintained in its application, when the benefit of it is claimed in a future case, -is to reverse the law in the first case, or wrongfully to refuse to enforce the right it confers in the second. The case of Judge and Dennis ads. Fisk and Eager, is a very recent decision, settling an important question of right between the landlord and tenant — and was made with the grave arid earnest consideration which a view of the- heavy damages dependent on the judgment of the court, enforced. It should be maintained in its integrity, and if it. be, the landlord has no right to payment of the rent in this case, from the proceeds of the sale under the execution ; because at the time of the levy the rent was not due.’ But admitting that the case of Judge and Dennis ads. Fisk and Eager only decided that the landlord cannot distrain until the notes taken for the rent are payable, the motion in this case on circuit, was properly refused.' The landlord cannot claim a year’s rent under the Statute of Anne, unless at the time the goods on the demised premises were taken in execution, he had a right to distrain for the rent claimed from the sheriff. At common law, goods taken in execution could not be distrained — nor goods distrained taken in execution. This *232 conflict of process produced embarrassment and hardship, which the statute was intended to remedy, by requiring the sheriff to pay to the landlord a year’s rent, before he removed the goods off the demised premises. The mischief which it was the object of the Statute to remedy, would seem to limit its operation to- rent for which distress would lie. The landlord can oply claim for the rent due at the time of taking the goods, and not for rent which accrues after. In the first instance, the distress would have been defeated by the execution, and not in the latter, since the landlord had no right to distrain when the goods were taken. The landlord can claim a year’s rent only from the sale of chattels personal, which are the subject of distress, and not from the sale of chattels real. Hamilton vs. Reedy, 3 M‘C. 38. In Buckly vs. Taylor, 2 T. R. 600, a bankrupt, after a commission, hired a shop of the defendant for one year, at £30 per annum. After the assignment, the goods on the premises were sold by the assignees, and the defendant, the landlord purchased to an amount exceeding the rent due. He claimed to retain the half year’s rent under the equity of the Statute of Anne, which the bankrupt had agreed to pay in advance ; and which, it was proved to be the custom, should be paid in advance. The right of the tenant to retain, turned entirely on the right of the landlord to distrain — for it was conceded, that if the defendant could only claim on the personal contract of the bankrupt, he could not retain. Buller and Grose, Justices, supported the right of the landlord to retain, on the ground, that by the custom, the rent was due the first day of the term, and “ therefore the landlord’s right of distress was well founded ; and if so, he is justified in retaining the money.” In Henchett vs. Kimpson, 2 Wils. 141, Pratt C. J. says, “ before the statute executions took place of all debts that were not specific liens, even of rents due to landlords. It was thought hard landlords should not have something like a specific lien ; so the parliament gave them this remedy for one year’s rent, and no more. After the sheriff has notice of the rent being due to the landlord, he cannot move the goods before he has satisfied the landlord one year’s rent, as if there had been no exeeu *233 tion at all.” “ Unless the rent be paid, the sheriff must quit, and if he does not quit, a special action on the case lies against him, after 'notice of the rent due.” This opinion 'of Pratt is cited, and thereby affirmed, in Margart vs. Swift, 3 M‘C. 382. In M‘ Whillie vs. Hudson, 3 Brev. 61, Brevard, J. says, “according to the statute, goods taken in execution are liable, before removal from the land, to the payment of one year’s rent, if due.” The goods thus liable, must, I conceive, be subject to distress for rent ar-rear, as the goods of the tenant at the time when the rent is demanded by the landlord.